IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| TADARIS GARDNER, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 6:04-CV-63 |
| | | 28 U.S.C. § 2254 |
| VICTOR WALKER, Warden | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Gardner's Application for Writ of Habeas corpus, pursuant to 28 U.S.C. § 2254, is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts.

**Procedural History**

Petitioner acknowledges in his Application filed November 17, 2004 (R-2), that he was convicted of Armed Robbery in the Superior Court of Decatur County, Georgia on February 14, 1996, and sentenced to a prison term of twenty (20) years; that he appealed his conviction and sentence to the Georgia Court of Appeals which affirmed the same on March 12, 1997; and that the Georgia Supreme Court denied application for *writ of certiorari* on October 12, 1997.

On May 10, 1999, Petitioner Gardner filed his first state habeas corpus petition in the Superior Court of Calhoun County. (Rsp.Exh. 1). The State court denied habeas relief to Petitioner on August 29, 2003 (Rsp.Exh. 3), and Petitioner Gardner's application to the

Georgia Supreme Court for certificate of probable cause to appeal pursuant to OCGA § 9-14-52 was denied on October 25, 2004. (Rsp.Exh. 4).  Petitioner Gardner then filed application for federal *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 on November 17, 2005.(R-2). On March 22, 2005, Respondent Walker answered Petitioner's application and moved to dismiss the same as barred by the AEDPA statute of limitations. (R-7,8).  Petitioner Gardner was given notice of Respondent's Motion To Dismiss by the court and file a response to his Motion on April 7, 2005. (R-12).  In his Response, Petitioner Gardner states at ¶¶ 3 and 5, "Petitioner admits that his petition is untimely according to 28 U.S.C. § 2244(d). . . . Petitioner filed his habeas corpus in May of 1999, sixteen months after his State conviction became final."  Petitioner argues that the (State) courts have allowed him to proceed and he throws himself on the mercy of this court requesting that his instant petition not be dismissed.

## Discussion

The AEDPA codified at 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable

>to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The undisputed facts are that Petitioner Gardner's State sentence became final on January 7, 1998, 90 days after the Georgia Supreme Court denied his application for *writ of certiorari* to the Georgia Court of Appeals, the time in which Petitioner Gardner may have applied to the United States Supreme Court for *writ of certiorari,* but did not. *See Kaufmann v. United States,* 282 F.3d 1336, (11th Cir. 2002), *cert. denied,* 123 S.Ct. 286 (2002).[1] The 11th Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that <u>a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final.*"</u> (emphasis added). The *Kaufmann* Court stated, "We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708 (1987). In *Griffith,* the Court stated: 'By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.' *Id.* at 321 n.6, 107 S.Ct. 708.

---

[1]The Eleventh Circuit Court of Appeals has held that cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are "equally valid" in § 2255 cases. *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999); *see Brackett v. United States,* 270 F.3d 60. 66 (1st Cir. 2001) ("The Supreme court commonly interprets § 2255 and § 2254 in light of each other."), *cert. denied,* 535 U.S. 1003, 122 S.Ct. 1575 (2002).

"The critical difference between the ordinary civil case and a habeas corpus involves Rule 4 of the Rules Governing 2254 cases. That Rule states, *If it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the Petitioner to be notified.* . . . A federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 179, 121 S.Ct. 2120 (2001); *see also Williams v. Taylor,* 529 U.S. 420, 436, 120 S.Ct. 1479, 1490 (2000)." *Day v. Crosby,* 391 F.3d 1192, 1194 (11th Cir. 2004).

The State courts have, indeed, allowed Petitioner to proceed with State procedures after the expiration of the Federal statute of limitations as to § 2254 applications for federal writ of habeas corpus. The State of Georgia did not have a statute of limitations on State habeas corpus actions until 2004 when the Georgia Congress amended the Georgia Code § 9-14-42 to provided a 4-year statute of limitations for State habeas corpus petitions. This court is bound by the 28 U.S.C. § 2244 and § 2254 as to the one-year statute of limitations on applications for federal writs of habeas corpus.

WHEREFORE, IT IS RECOMMENDED that Petitioner Gardner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED as barred by the federal statute of limitations. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and

file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 13th day of April 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE