**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| **TADARIS GARDNER,** : | |
| : | |
| **Petitioner,** : | |
| : | **Civil Action Number** |
| v. : | **6:04-CV-63 (HL)** |
| : | **28 U.S.C.A. § 2254** |
| **VICTOR WALKER, Warden** : | |
| : | |
| **Respondent.** : | |

# ORDER

Before this Court is a Report and Recommendation (the "R&R") (Doc. 13) from United States Magistrate Judge G. Mallon Faircloth. Judge Faircloth, in his R&R, recommended that this Court deny Petitioner's § 2254 Application for habeas relief because it is barred by AEDPA's statute of limitations. Petitioner filed an Objection (Doc. 14) to the R&R in which Petitioner argued that, because he did not know about AEDPA's statute of limitations, it was unfair to apply it to his § 2254 Application. Given Petitioner's pro se status, the Court construes the argument as one for equitable tolling.[1]

The United States Court of Appeals for the Eleventh Circuit held that AEDPA's one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are beyond his control and unavoidable even with diligence. <u>Sandvik v. United States</u>, 177 F. 3d 1269, 1271 (11th Cir. 1999). Thus, the issue here is whether simple ignorance of AEDPA's limitations period amounts to "extraordinary circumstances." It does not.

---

[1] As the facts of this case are set forth in the R&R, the Court shall not repeat them in this Order.

-1-

Generally, courts are under no obligation to toll a statute of limitations where the late filing resulted from a lack of due diligence by the filing party. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (holding that "lack of knowledge of the filing deadlines" does not justify equitable tolling in the EEOC filing context). With specific regard to AEDPA, this Court finds persuasive a case from the Eastern District of Pennsylvania that stated, "Ignorance of the law is no excuse; it is not a reason for equitable tolling." Garrick v. Vaughn, No. Civ. A. 00-4845, 2003 WL 22331774, at * 3 (E.D. Pa. 2003) (not reported in the Federal Supplement, Second Series) (addressing failure to timely file a § 2254 Application due to ignorance of procedures for filing *in forma pauperis* and ignorance of delivery procedures under the prison mailbox rule).

Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to "extraordinary circumstance" for equitable tolling purposes. While the Court sympathizes with Petitioner, the law simply does not support his position. Therefore, Petitioner's Objection (Doc. 14) is overruled. The Magistrate Judge's R&R (Doc. 13), is hereby approved, adopted, and made the Order of this Court. Thus, Petitioner's § 2254 Application (Doc. 2) is denied.

So ordered, this the 7th day of May, 2005.

   /s/ Hugh Lawson  
**HUGH LAWSON**, Judge

jmb